UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>MARIA DEL ROSARIO MARTINEZ,<br><br>         Defendant. | Case No. 19cr5218-MMA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**<br><br>[Doc. No. 34] |

  On January 16, 2020, Defendant Maria Del Rosario Martinez pleaded guilty to a single-count Information charging her with importing approximately 51.04 pounds of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. *See* Doc. No. 19. The Court sentenced Defendant to a custodial term of thirty (30) months. *See* Doc. No. 31. Defendant is currently housed at the Federal Correctional Institution in Dublin, California ("FCI Dublin"); she is set to be released from the Bureau of Prisons' custody on January 13, 2022.[1] Defendant, proceeding through counsel, now moves this Court for a reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. *See*

---

[1] *See* Federal Bureau of Prisons Online Inmate Locator, available at https://www.bop.gov/inmateloc (last visited 3/9/2021).

Doc. Nos. 34, 38. The government filed a response in opposition to Defendant's motion, to which Defendant replied. *See* Doc. Nos. 39, 40. For the reasons set forth below, the Court **DENIES** Defendant's motion.

## DISCUSSION

Defendant seeks early release and a corresponding reduction in her custodial sentence due to the spread of the novel coronavirus disease, COVID-19, throughout the federal prison system, including the institution where she is currently housed. Defendant argues that she suffers from serious health conditions, including obesity, hypertension, anemia, osteoporosis, and depression, which combined with her age (60), increase the risk of serious health conditions if she contracts the virus. *See* Doc. No. 34 at 8-16;[2] *see generally* SEALED Def. Ex. D. Defendant further asserts that "extraordinary and compelling reasons warrant such a reduction" in her sentence based on a family situation resulting from the murder of her son-in-law just prior to her incarceration. 18 U.S.C. § 3582(c)(1)(A)(i); *see* Doc. No. 34 at 18-19.

The government opposes Defendant's motion. The government notes that while the virus has spread through the prison system, the Bureau of Prisons has implemented precautionary measures to help ensure the safety of all inmates during the COVID-19 pandemic. The government also points out – and Defendant does not dispute – that Defendant has been inoculated against the virus; she has received the Pfizer-BioNTech vaccine.[3] *See* Doc. No. 39 at 2; Doc. No. 40 at 8. The government concedes that the sentencing factors set forth in 18 U.S.C. § 3553(a) support Defendant's early release, but

---

[2] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

[3] According to the government, Defendant received her first dose of the vaccine on January 28, 2021. *See* Doc. No. 39 at 2. She presumably received her second dose within the requisite time frame; she does not state so explicitly in her reply brief, however she argues at length regarding the insufficiency of inoculation to protect her against contracting the virus, questions the 95% efficacy rate of the Pfizer-BioNTech vaccine specifically, and submits the declaration of an infectious disease specialist in support of her arguments. *See* Doc. No. 40 at 8-14; Vijayan Decl., Def. Reply Ex. A.

maintains that Defendant cannot meet the threshold requirement of demonstrating "extraordinary and compelling reasons" to justify a reduction in her sentence.

### 1. *Relevant Law*

In 1984, Congress authorized compassionate release from prison under the criteria set forth in 18 U.S.C. § 3582(c)(1)(A) as part of the Comprehensive Crime Control Act, Pub. L. 98–473, S. 1762, 98 Stat. 1976. Under its original terms, only the Director of the Bureau of Prisons was authorized to file a motion for compassionate release pursuant to section 3582(c)(1)(A). The First Step Act went into effect on December 21, 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 603(b) of the First Step Act modified section 3582(c)(1)(A), which now provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant* after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Many years prior to this modification, the United States Sentencing Commission published a policy statement addressing the standards for early release.[4] *See* U.S.S.G. § 1B1.13. The statement reiterates that a court

---

[4] "The Sentencing Commission unquestionably is a peculiar institution within the framework of our Government . . . [T]he Commission is an "independent" body . . . entrusted by Congress with the primary task of promulgating sentencing guidelines." *Mistretta v. United States*, 488 U.S. 361, 384–85 (1989) (citing 28 U.S.C. § 991(a)). Among its considerable responsibilities and authority, "is to issue

may reduce a term of imprisonment under § 3582(c)(1)(A) if "extraordinary and compelling reasons warrant the reduction" and "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." *Id*. The notes following Section 1B1.13 specify certain circumstances constituting "extraordinary and compelling reasons" that justify a sentence reduction, including: "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons."[5] *Id*., cmt. n.1.

The Court previously agreed with other district courts that while the text of section 603(b) of the First Step Act supersedes and contradicts certain aspects of the policy statement's text, in the absence of binding circuit court authority or further action by Congress, trial courts should not consider themselves relieved of their duty to "continue to follow the guidance of the Sentencing Commission's policy statement limiting the scope of 'extraordinary and compelling reasons' that warrant compassionate release under § 3582(c)(1)." *United States v. Casey*, No. 18CR2747-MMA, 2021 WL 662266, at *2 (S.D. Cal. Feb. 19, 2021) (quoting *United States v. Lum*, No. 18-CR-00073-DKW, 2020 WL 3472908, at *4 (D. Haw. June 25, 2020) (collecting cases)). The Court acknowledges, however, that the weight of non-binding circuit court precedent now favors Defendant's position that section "1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates." *United States v. Elias*, No. 20-3654, 2021 U.S. App. LEXIS 251, at *2 (6th Cir. Jan. 6, 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020)); *see also United States v. Brooker*, 976

---

'general policy statements,'" *id*. at 369, "regarding the sentencing modification provisions in section 3582(c)(1)(A)" and to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

[5] The commentary defines "Other Reasons" to include "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id*., cmt. n.1(D).

F.3d 228 (2d Cir. 2020) (holding "that Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant under the First Step Act."); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (same); *United States v. McCoy*, 981 F.3d 271, 281-21 (4th Cir. 2020) (same).  Accordingly, the Court will not consider the policy statement to be an authoritative or exclusive statement of the factors that might constitute "extraordinary and compelling reasons" for reducing Defendant's sentence pursuant to a motion brought on her own behalf.

### 2. Analysis

As a threshold matter, the Court finds, and the parties agree, that Defendant exhausted her administrative remedies prior to filing the instant motion.  Defendant submitted a request for early release to the warden of the institution on or about December 14, 2020, and to date, she has not received a response.  *See* Def. Ex. L; *see also* Doc. No. 40 at 4.  As such, the Court may consider the merits of Defendant's motion.

According to the Centers for Disease Control and Prevention ("CDC"), COVID-19 poses a heightened risk to the nation's incarcerated population.[6]  Defendant is currently housed at FCI Dublin, a low security facility which accommodates a population of approximately 880 inmates.  This facility appears to have experienced significant contagion of the virus, reporting that 296 inmates housed there have recovered from infection.  However,  FCI Dublin currently reports zero active cases of COVID-19 among inmates.[7]

---

[6] *See Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, updated 2/19/2021, available at https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited 3/7/2021).

[7] *See Federal Bureau of Prisons COVID-19 Coronavirus*, updated 3/10/2021, available at https://www.bop.gov/coronavirus/ (last visited 10/20/2020).

The CDC has also recognized that individuals who suffer from certain medical conditions may be at a higher risk of serious illness from COVID-19.[8] Defendant argues that she is at particular risk because she suffers from several serious health conditions, including obesity, hypertension, anemia, osteoporosis, and depression. Obesity and hypertension are among the conditions identified by the CDC as potentially increasing an individual's risk of serious illness from the virus.[9] However, the Court agrees with other district courts that Defendant's "vaccination significantly mitigates the risk that [s]he will contract COVID-19," much less become seriously ill.[10] *United States v. Grummer*, No.

---

[8] *See COVID-19: People at Increased Risk and Other People Who Need to Take Extra Precautions*, updated 1/4/2021, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.htm (last visited 3/10/2021).

[9] *See, e.g.*, *Overweight, Obesity and Severe Obesity*, updated 2/22/2021, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity (last visited 3/10/2021).

[10] The Court has considered Dr. Vijayan's declaration regarding the medical community's limited understanding of COVID-19 and the lack of accumulated data on such concerns as reinfection and long-term vaccine efficacy. *See generally* Vijayan Decl., Def. Reply Ex. A. However, with all due respect to Dr. Vijayan's expertise and experience, the Court declines to contribute in any fashion to public skepticism regarding the safety and efficacy of the available COVID-19 vaccines or to second-guess the Food and Drug Administration's findings and decision to issue Emergency Use Authorizations for COVID-19 vaccines "for which there is adequate manufacturing information to ensure its quality and consistency." *The Path for a COVID-19 Vaccine from Research to Emergency Use Authorization*, available at www.FDA.gov/COVID19vaccines#FDAVaccineFacts (last visited 3/9/2021). Moreover, according to the CDC: "Preliminary analyses from the United States, United Kingdom, and Israel demonstrate that a two-dose mRNA COVID-19 vaccination series is highly effective against SARS-CoV-2 infection (including both symptomatic and asymptomatic infections). In the United States, the effectiveness of mRNA COVID-19 vaccination (either Pfizer-BioNTech or Moderna) was 89% against SARS-CoV-2 infection; vaccinated persons who were diagnosed with COVID-19 had a 60% lower hospitalization rate than unvaccinated persons. Among U.K. healthcare personnel, Pfizer-BioNTech COVID-19 vaccination was 86% effective against SARS-CoV-2 infection. In U.K. adults aged ≥ 80 years, including those with multiple underlying medical conditions, vaccine efficacy against symptomatic disease was estimated at 85%. In Israel, two doses of Pfizer-BioNTech COVID-19 vaccine was 90–94% effective against a spectrum of illness: asymptomatic SARS-CoV-2 infection, symptomatic COVID-19, as well as specifically severe COVID-19. Preliminary data from Israel suggest that persons vaccinated with Pfizer-BioNTech COVID-19 vaccine who develop COVID-19 have a four-fold lower viral load than unvaccinated persons." *CDC Science Brief: Background Rationale and Evidence for Public Health Recommendations for Fully Vaccinated People*, updated 3/8/2021, available at https://www.cdc.gov/coronavirus/2019-ncov/more/fully-vaccinated-people.html (last visited 3/10/2021).

08-CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) (citing *United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *5 (W.D. Wash. Jan. 29, 2021) ("[B]ecause [defendant] has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release."); *United States v. Henderson*, No. 14-cr-00307-BAS-1, Doc. No. 74 (S.D. Cal. Jan. 27, 2021) (defendant with asthma and obesity failed to show "extraordinary and compelling reasons" where vaccination "largely dissipated" her chances of COVID-19 reinfection or relapse.)).

The Court has found under other circumstances that the spread of the novel coronavirus throughout the federal prison system and a defendant's serious medical conditions constituted "extraordinary and compelling" reasons warranting compassionate release. *See, e.g.*, *United States v. Mobley*, No. 17CR2198-MMA, 2020 WL 6700532 (S.D. Cal. Nov. 13, 2020); *United States v. Bennen*, No. 17CR3431-MMA-3, 2020 WL 5968922 (S.D. Cal. Oct. 8, 2020). However, those circumstances are not present here. Defendant is housed at an institution where the spread of the virus is currently minimal to virtually nonexistent. Defendant has been inoculated against the disease. And Defendant's health concerns do not otherwise constitute "extraordinary and compelling reasons" warranting early release from custody.

Nor do Defendant's family circumstances amount to "extraordinary and compelling reasons" justifying a reduction in her custodial term. Defendant's family, and her daughter in particular, have undoubtedly suffered from the tragic murder of Defendant's son-in-law. However, his death preceded Defendant's commission of the offense in this case and the Court considered those circumstances at the time of sentencing. *See* Doc. Nos. 21, 24. And Defendant avers that while her daughter is still obviously grieving the loss of her husband, she is also "working to get her and her children's lives back on track." Doc. No. 34 at 21. Defendant's family will surely benefit from her eventual release from custody, but they do not appear to be experiencing

the kind of dire circumstances which might in certain cases rise to the level of "extraordinary and compelling."[11]

In sum, although the sentencing factors set forth in 18 U.S.C. § 3553(a) might weigh in favor of reducing Defendant's custodial term, the Court only has the discretion to do so, as relevant here, "if it finds that extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Neither Defendant's underlying health issues nor her family circumstances constitute "extraordinary and compelling reasons" that would merit her early release.[12]

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion for early release and a corresponding reduction in sentence.

**IT IS SO ORDERED**.

DATE: March 10, 2021

HON. MICHAEL M. ANELLO
United States District Judge

---

[11] For example, the Court found a defendant's family circumstances to be "extraordinary and compelling" where the defendant's husband was "hospitalized at least twice . . . after being found unconscious leaving minor children either alone or in the care of known drug addicts. Most recently Petitioner's twin girls were left at a hotel with strange adult men.'" *United States v. Lambert*, No. 17cr2226-MMA-2, Doc. No. 94 at 5 (quoting Doc. No. 93 at 4).

[12] The Court notes that while it has not limited its consideration to the factors set forth in the Sentencing Commission's policy statement and commentary, *see supra*, it also need not consider the universe of all possible factors that might support Defendant's early release. *See Dillon v. United States*, 560 U.S. 817, 830 (2010) (holding that proceedings pursuant to § 3582(c) are "sentence-modification" proceedings rather than plenary resentencing proceedings).